Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DARIUS MONROE,

                Petitioner,

v.

UNITED STATES OF AMERICA,
                Respondent.
-------------------------------------------------------------x

**ORDER**

21 CV 4901 (VB)
18 CR 585 (VB)

       On June 1, 2021, petitioner Darius Monroe filed a motion pursuant to 28 U.S.C. § 2241 seeking a sentence reduction based on what he claims are intervening changes to the law. The government responded by letter dated August 20, 2021.

       For the reasons set forth in the government's August 20 letter, the Court agrees that (i) it lacks jurisdiction to consider Monroe's Section 2241 motion, and (ii) because of the nature of the relief sought, the appropriate jurisdictional basis for Monroe's claims is 28 U.S.C. § 2255. Accordingly, the Court construes Monroe's motion as a Section 2255 motion to vacate, set aside, or correct sentence.

       Monroe is advised that a prisoner in federal custody ordinarily has only one opportunity for an adjudication of his claims under Section 2255 because any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2244(a), 2244(b)(3)(A), 2255(h). Therefore, Monroe shall have 60 days either to agree to the recharacterization of his motion as a Section 2255 motion or to withdraw the motion. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

       **Accordingly, by no later than October 25, 2021, Monroe shall advise the Court in writing whether he agrees to have his motion recharacterized as a Section 2255 motion, or whether he wishes to withdraw the motion**.

       If Monroe agrees to the recharacterization of his motion as a Section 2255 motion, the Court grants Monroe leave to file an amended Section 2255 motion that sets forth all his grounds for relief and all facts in support of those grounds. If he wishes to amend his Section 2255 motion, Monroe shall use the form for an Amended Motion Under 28 U.S.C. § 2255 attached to this Order.

       If Monroe agrees to the recharacterization of his motion as a Section 2255 motion, the government shall file an answer or other pleading in response to the Section 2255 motion within 60 days after Monroe advises the Court that he agrees to the recharacterization. Monroe may file reply papers, if any, within thirty days from the date he is served with the government's answer.

**If Monroe does not inform the Court of his intent by October 25, 2021, the Court will deem his motion to be a Section 2255 motion and proceed to decide it in due course**. In that event, the government shall file an answer or other pleading in response to the Section 2255 motion by no later than December 27, 2021. Monroe may file reply papers, if any, within thirty days from the date he is served with the government's answer.

Any communication or submission from Monroe must be in writing and mailed to the Court at the following address:

United States District Court
Pro Se Clerk
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to Monroe at the following address:

Darius Monroe, Reg. No. 85814
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472

Dated: August 23, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### DANIEL PATRICK MOYNIHAN COURTHOUSE
### 500 PEARL STREET
### NEW YORK, NEW YORK 10007

PRO SE OFFICE
Room 230

RUBY J. KRAJICK
Clerk of Court

### Instructions for Filing
### Motion under 28 U.S.C. § 2255

1.  **Who should use this form:** You may use this form if you are in custody (such as in prison or subject to supervised release) based on a federal court conviction and you are asking for relief from the conviction or sentence. You must file the motion in the federal district court that entered the judgment that you are challenging and include all grounds for relief. State the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds later.

2.  **Who should *not* use this form:** Do not use this form if you want to challenge the validity of a state court judgment of conviction and sentence. To challenge a state court judgment, you must first exhaust your state court remedies in the state appellate process and then file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district court where your state judgment of conviction was entered. If you are in federal custody or subject to a custodial order of the United States and wish to challenge the execution – not the validity – of your federal conviction or sentence (such as, for example, that the BOP miscalculated a sentence or failed to award good time credits properly), you should file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 (For Prisoners) in the federal district court where you are confined. If you want to challenge your immigration detention, you may use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3.  **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4.  **Signature:** The petition must be signed with a pen.

5.  **Fee:** There is no filing fee for a motion brought under 28 U.S.C. § 2255.

AMENDED

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: 21 CV 4901 and 18 CR 585 |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | |

## MOTION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:



     (b) Criminal docket or case number (if you know):

2.   (a) Date of the judgment of conviction (if you know):

     (b) Date of sentencing:

3.   Length of sentence:

4.   Nature of crime (all counts):




5.   (a) What was your plea? (Check one)

        (1)   Not guilty ❑            (2)   Guilty ❑            (3)   Nolo contendere (no contest) ❑

     (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
     or indictment, what did you plead guilty to and what did you plead not guilty to?




6.   If you went to trial, what kind of trial did you have? (Check one)      Jury ❑      Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☐

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☐

9.  If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐     No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ❏  No ❏

(2)  Second petition:   Yes ❏  No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑     No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑     No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
_____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.